7772

STATE v. MULLINS.

1. COTTON—CONSTITUTIONAL LAW.—THE ACT, 26 STAT., 612, relating to reduction from weight or price of cotton for bagging and ties does not deprive the purchaser of cotton of the equal protection of the law nor of his liberty or property without due process of law.

2. REHEARING refused.

Before DEVORE, J., Richland, June, 1910. Affirmed.

Indictment in Court of Magistrate J. H. Fowles, Jr., for deducting from weight and price of cotton for bagging and ties. The circuit decree on appeal from magistrate court is:

"This case came up for hearing before me on appeal from the judgment in a magistrate's court. The defendant was convicted for violating an Act entitled 'An Act in relation to deduction from weights or price of cotton for bagging and ties,' approved 25th day of February, A. D. 1910. The first section of the Act reads as follows:

" 'Section 1. Be it enacted by the General Assembly of the State of South Carolina, That from and after the approval of this Act, it shall be unlawful for any person, firm or corporation engaged in the business of buying cotton in this State, as principal or agent, to deduct any sum for bagging and ties from the weight or price of any bale of cotton, when the weight of the bagging and ties does not exceed six per cent. of the gross weight of such bale of cotton. In the event that the weight of the bagging and ties exceed six per cent. of the gross weight of such bale

of cotton, only the excess over the said six per cent. may be deducted.'

"The defendant appeals to this Court from the judgment of the magistrate on various grounds involving, however, two points:   1st. That the Act of the legislature deprives the defendant of the equal protection of the laws; 2d. That the Act of the legislature deprives the defendant of his liberty and property without due process of law.

"It is well settled that the legislature has a right to make different classes, and so long as all members of the same class are treated alike, if the classification be reasonable, the Courts will not declare such legislation unconstitutional. In the case of *McCutchen* v. *Ry. Co.,* 81 S. C. 74, the Court says: 'Legislation is not unequal or discriminatory in the sense of the equality clause of the Constitution merely because it is special or limited to a particular class. The legislature has the power to make a classification of persons and property for public purposes, provided such classification is not arbitrary and bears reasonable relation to the purpose to be effectuated, and all within the designated class are treated alike.' The defendant being engaged in the business of buying cotton comes within the classification made by the legislature, and in my opinion is not deprived of the equal protection of the laws by the said legislation.

"The defendant contends that said legislation deprives him of his liberty and property without due process of law, in that it abridges his right of liberty of contract.   The cases on both sides of this question, differing according to the facts of each case, are very numerous.   The test seems to be whether the regulations of the legislation are reasonable.   If they are unreasonable, then such legislation is unconstitutional; if they are reasonable, then in the exercise of its police power, the legislature has the right to enact the law.   In the absence of a statute on the subject, the reasonableness of a contract is a question for the judi-

ciary, but if there is legislation on the subject, and the legislature had the power to pass such a law, then the statute controls. 'At various periods flour, Indian meal, bread, salt, fish, pork, beef, lumber, lime, hemp, butter, lard and cotton were subjects of commercial regulations.' *Peel Splint Coal Co.* v. *W. V.,* 17 L. R. A. 393-4. It has been recently held in this State in the case of *Barfield* v. *Stevens Mercantile Co.,* 85 S. C. 186, that a general law providing for a cotton weigher at all markets where cotton is sold would not breach the right of contract. In Freund on Police Power, at section 274, it is said : 'Laws tending to prevent fraud and to require honest weights and measures in the transaction of business have been sustained in the Courts, although in compelling certain mode of dealing have interferred with the freedom of contract.' In *Munn* v. *Ill.,* 94 U. S. 113, 24 L. Ed. 77, the Supreme Court of U. S. held: 'That the statute fixing maximum charges for the storing of grain and prohibiting contracts for larger amounts were valid.' 'Legislation prescribing the number of hours for employees to work has frequently been sustained.' See *Soonhing* v. *Crowley,* 113 U. S. 703, 28 L. Ed. 1145. An ordinance of the city of Mobile to regulate weight and price of bread was declared constitutional. *Mobile* v. *Yuille,* 3 Ala. 140. In the case of *Charleston* v. *Rogers,* 2d McCord 485, our own Court held a law constitutional requiring coal and other articles of heavy bulk to be weighed on the public scales. It cannot be doubted that the legislature can interfere with the lawful acts of individuals or the mode in which private property should be enjoyed, if the same affect the public interests or puts one class in a position to oppress or defraud another class. In the case of *McLean* v. *State,* 126 Am. St. Rep. 1037, 29 Sup. Ct. Rep. 370, the Supreme Court of U. S. held that legislation was not unconstitutional which required coal to be weighed before it was screened, and similar legislation was held constitutional in the case of *Peel Splint Coal Co.,* 17 L. R. A. 391. If there is any

conflict between those two cases and the Cudling case referred to in 160 Ill., page 459, so strongly relied on by the defendant's attorneys, the weight of authority and the better reasoning are against the said Illinois case; however, in the Illinois case the provisions of law declared unconstitutional applied only to coal mines whose product was shipped by rail or water, and not to coal sold at the mines. I do not think this case helps the defendant. The facts are entirely different. The case of *Ex parte Drexel,* 2 L. R. A. (N. S.), 594-5, is entirely unlike the present case, and different principles of law apply to the two cases.

"The cotton buyers and cotton sellers differ as to the amount of bagging and ties that should be placed on a bale of cotton. The legislature intervened and established a scale of cotton tare, and so far as I am able to judge the legislation is reasonable. Cotton is one of the chief products of this State. There are a great many persons and a great deal of property and a number of organizations engaged in the cotton business. What the tare is in this State, what it is in Liverpool, or what it is in New York are not matters for this Court to consider. This Court will presume that the legislature took into consideration the conditions controlling the marketing of cotton, and enacted the proper law regulating the tare. But this is not a new question in this State. A law fixing tare on cotton seems to have been enacted as far back as 1846, now incorporated in section 1543, Code of Laws, volume I. Cotton buyers have a great many customers, many of whom are ignorant, and I can readily see how such legislation as this may be both wise and beneficial. For the reasons stated,

"It is ordered, That the judgment of the magistrate's court be, and the same is hereby, affirmed."

From this decree the defendant appeals.

*Messrs Lyles & Lyles,* for appellant, cite: *Meaning of "liberty" and "property" in constitutional inhibition:* 165

U. S. 578; 41 S. C. 237, 45 S. E. 327; 2 L. R. A., N. S. 591; 50 Am. R. 639. *Police power does not extend to this case:* 38 S. C. 103; 53 S. C. 282; 78 S. C. 451; 152 U. S. 137; 50 Am. R. 646; 80 S. C. 188; 71 U. S. 277; 18 L. R. A. 546. *The Court must determine if an Act is the proper exercise of the police power:* 1 Cranch 137; 123 U. S. 623; 198 U. S. 45; 48 L. R. A. 261; 2 L. R. A., N. S. 588; 50 Am. R. 627; 41 S. C. 220; 42 S. C. 222; 53 S. C. 259; 78 S. C. 451. *It is only in the exercise of the police power that the legislature can regulate a legitimate business:* 169 U. S. 366; 208 U. S. 173; 2 L. R. A., N. S., 588; 23 L. R. A. 264; 79 S. C. 16; 165 U. S. 578; 2 L. R. A., N. S. 591; 45 S. E. 327; 50 Am. R. 636; 48 L. R. A. 261, 265, 775; 8 Cyc. 1087. *There must be a substantial and real connection between the statute and the public purpose:* 78 S. C. 451; 123 U. S. 623; 198 U. S. 45; 152 U. S. 137; 50 Am. R. 636; 48 L. R. A. 775, 265. *Power of the legislature to fix standard of weights and measures:* Tiedeman 260, 1082; Black's Con. L. 192; 29 Pa. St. 27; 13 L. R. A. 7. *Reasons for classification must be real and substantial:* 66 S. C. 37; 68 S. C. 339; 75 S. C. 62; 81 S. C. 74; 50 Am.. R. 636; 32 L. R. A. 659, 664; Black's Con. L. 324; 79 S. C. 22.

*Solicitor W. H. Cobb* and *Messrs. Thurmond & Nicholson,* contra, cite: *The legislature has the right to make reasonable classifications:* 81 S. C. 74. *The Act comes within the police power:* 177 U. S. 183; 126 Am. St. R. 1043; 197 U. S. 11; 190 U. S. 169; 94 U. S. 113; 169 U. S. 366; 36 Am. Dec. 441; 17 R. L. A. 393; 85 S. C. 186; 1 Jones N. C. 49; 49 Md. 243; 111 N. C. 687; 61 Tex. 184; 17 L. R. A. 391.

The opinion in this case was filed 13th July, 1910, but remittitur stayed on petition for rehearing until

February 1, 1911. The opinion of the Court was delivered by

MR. JUSTICE GARY. The facts are set out in the order of his Honor, the Circuit Judge, which is affirmed for the reasons therein stated.

Appeal dismissed.

MR. JUSTICE WOODS. I concur. The statute attacked as unconstitutional does nothing more than fix the maximum quantity of bagging and ties which shall be regarded for trade purposes as a component part of a bale of cotton. The important public purpose of the certain and uniform rule laid down by the statute is to induce fairness and prevent disputes between buyers and sellers of the chief commercial product of the State; and the certainty and uniformity which will probably have this result make the statute reasonably adapted to the public purpose in view. There is no substantial interference with freedom of contract, for of course buyers and sellers in agreeing on a price will have in view the bagging and ties which under the statute must be treated as a part of the bale of cotton.

February 1. 1911. PER CURIAM. After careful consideration this Court has reached the conclusion that no material question of law or of fact has either been overlooked or disregarded.

It is therefore ordered that the petition be dismissed and that the order heretofore granted staying the remittitur be revoked.